UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-979-JGB (SPx) | Date | October 27, 2016 |
|---|---|---|---|
| Title | Dale Evans Parkway 2012, LLC v. National Fire and Marine Insurance Company, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Applicant: | Attorneys Present for Respondent: | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order Denying Plaintiff's Motion to Quash Subpoena to Banc of California, Inc. [93]

On September 19, 2016, plaintiff Dale Evans Parkway 2012, LLC ("Dale Evans") filed a Motion to Quash Subpoena. Docket no. 93. The Motion asks the court to quash a subpoena issued by defendant National Fire and Marine Insurance Company ("National Fire") to nonparty Banc of California, Inc. (the "Bank") to produce documents. The court DENIES Dale Evans's Motion as follows.

## Factual and Procedural Background[1]

Dale Evans is a corporation suing National Fire for insurance coverage for a theft loss stemming from an incident occurring in April 2014 at plaintiff's property located at 15000 Dale Evans Parkway, Apple Valley, California (the "Property"). Joseph Michael is the sole managing member and owner of Dale Evans. Michael Development Corporation is Joseph Michael's development company.

Banco Popular, the predecessor-in-interest to nonparty Bank, held the mortgage for the Property in 2013. In December 2012 and April 2013, two incidents of property damage and theft took place at the Property, which was then insured by Capital Insurance Group ("CIG"). Vandalism to an electrical room and removal of electrical components and wires from an electrical room occurred during these incidents. As a result, the

---

[1] The court draws its factual background from the allegations in Dale Evans's First Amended Complaint (docket no. 63), National Fire's Counterclaim (docket no. 73), the instant Motion to Quash (docket no. 93), and National Fire's opposition thereto (docket no. 96).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-979-JGB (SPx) | Date | October 27, 2016 |
|---|---|---|---|
| Title | Dale Evans Parkway 2012, LLC v. National Fire and Marine Insurance Company, et al. | | |

Property's electrical system was rendered non-operational.

In August 2013, Banco Popular was paid $503,987.00 by CIG as the loss payee/additional insured on the Property's policy with CIG. Banco Popular used the amount paid by CIG to pay down the principal of the mortgage loan on the Property instead of placing the proceeds in escrow, as originally planned. The CIG payment was not disbursed to plaintiff.

Defendant insured the Property for the policy period August 3, 2013 through August 3, 2014. Among the insurance policy's conditions was the "Protective Safeguards" endorsement requiring plaintiff to maintain a functioning automatic burglar alarm at the Property. In April 2014, another theft loss and vandalism incident occurred at the Property. While defendant paid plaintiff $200,000 for the vandalism claim, it denied coverage under its theft policy purportedly because plaintiff failed to comply with the insurance policy's Protective Safeguards endorsement. Plaintiff had not repaired the Property's electrical system before the April 2014 incident, and as a result the Property was without both electricity and a functioning burglary alarm system.

Dale Evans filed its First Amended Complaint on June 7, 2016, alleging National Fire was liable for breach of contract for failing to pay for covered losses under the insurance policy. Docket no. 63. On July 7, 2016, National Fire answered the First Amended Complaint, denying the allegations against it and raising several affirmative defenses, including: plaintiff's claims are barred under the terms, conditions, and exclusions of its insurance policy; plaintiff failed to perform all of its obligations under defendant's insurance policy and/or plaintiff failed to comply with all of the terms and conditions of the insurance policy; and plaintiff knew or should have known of any loss, risk, or damage at the time the insurance policy was issued. Docket no. 72. National Fire also filed a Counterclaim on July 7, 2016, asserting, inter alia, a claim for rescission of the insurance policy issued to Dale Evans. Docket no. 73.

On March 24, 2016 defendant served a subpoena on nonparty Bank to testify at a deposition and to produce documents.[2] The original production date on the subpoena was April 29, 2016. The subpoena seeks the following documents from Bank:

---

[2] The aspect of the subpoena seeking deposition testimony appears not to be at issue in the Motion to Quash. Mtn. Quash at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-979-JGB (SPx) | Date | October 27, 2016 |
|---|---|---|---|
| Title | Dale Evans Parkway 2012, LLC v. National Fire and Marine Insurance Company, et al. | | |

1. All loan agreements concerning the property located at 15000 Dale Evans Parkway, Apple Valley, CA 92307;

2. All loan agreements with Dale Evans 2012 LLC;

3. All loan agreements with Michael Development Corporation concerning the property located at 15000 Dale Evans Parkway, Apple Valley, CA 92307;

4. All loan agreements with Joseph Michael concerning the property located at 15000 Dale Evans Parkway, Apple Valley, CA 92307;

5. All documents, whether hard copy or electronic, constituting or relating to loan payments made by Dale Evans 2012 LLC to you, in connection with any loan agreement described in categories 1-4, above;

6. All documents, whether hard copy or electronic, constituting or relating to loan payments made by Michael Development Corporation to you, in connection with any loan agreement described in categories 1-4, above;

7. All documents, whether hard copy or electronic, constituting or relating to loan payments made by Joseph Michael to you, in connection with any loan agreement described in categories 1-4, above;

8. All documents, whether hard copy or electronic, concerning the property located at 15000 Dale Evans Parkway, Apple Valley, CA 92307;

9. All documents, whether hard copy or electronic, constituting or concerning communications with Dale Evans 2012 LLC, regarding the property located at 15000 Dale Evans Parkway, Apple Valley, CA 92307;

10. All documents, whether hard copy or electronic, constituting or concerning communications with Michael Development Corporation, regarding the property located at 15000 Dale Evans Parkway, Apple Valley, CA 92307;

11. All documents, whether hard copy or electronic, constituting or concerning communications with Joseph Michael, regarding the property located at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-979-JGB (SPx) | Date | October 27, 2016 |
|---|---|---|---|
| Title | Dale Evans Parkway 2012, LLC v. National Fire and Marine Insurance Company, et al. | | |

       15000 Dale Evans Parkway, Apple Valley, CA 92307;

12. All documents, whether hard copy or electronic, constituting or concerning communications with The Mahoney Group, regarding the property located at 15000 Dale Evans Parkway, Apple Valley, CA 92307;

13. All communications, whether hard copy or electronic, concerning the property located at 15000 Dale Evans Parkway, Apple Valley, CA 92307;

14. All documents relating to the property located at 15000 Dale Evans Parkway, Apple Valley, CA 92307; and

15. All documents concerning insurance for the property located at 15000 Dale Evans Parkway, Apple Valley, CA 92307.

*See* Motion to Quash, Ex. A at 5; *see also* docket no. 53, Ex. A at 12-13.

     On April 29, 2016, plaintiff filed a motion asking the court to quash defendant's subpoena issued to nonparty Bank to produce business records. Docket no. 53. On June 3, 2016, the court denied plaintiff's motion as untimely. *See* Order Denying Motion to Quash Subpoena for Business Records as Untimely (docket no. 61). On June 29, 2016, the court issued an amended scheduling order extending the discovery cut-off date to November 7, 2016. Docket no. 69. As a result, plaintiff's motion was no longer untimely and may be heard on the merits. *See* Order Denying as Moot Plaintiff's Application for Relief (docket no. 95).

     On September 19, 2016, plaintiff filed the instant Motion to Quash. Docket no. 93. Defendant filed an Opposition to Plaintiff's Motion to Quash ("Opposition") on October 11, 2016. Docket no. 96. On October 18, 2016, plaintiff filed a Reply in Support of Motion to Quash Subpoena ("Reply"). Docket no. 97. The Motion to Quash was noticed for hearing on October 25, 2016, but the court previously vacated the hearing.

     The parties engaged in meet and confer efforts regarding the outstanding subpoena on April 21, 2016 and April 22, 2016. Among other issues discussed, Dale Evans asserted the document requests were overly broad in scope and constitute an invasion of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-979-JGB (SPx) | Date | October 27, 2016 |
|---|---|---|---|
| Title | Dale Evans Parkway 2012, LLC v. National Fire and Marine Insurance Company, et al. | | |

plaintiff's privacy rights because the requests seek plaintiff's financial information and personal financial records broadly.

Dale Evans asks the court to quash the subpoena issued against the Bank.

## **Legal Standards**

Fed. R. Civ. P. 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To be relevant, the information sought "need not be admissible in evidence"; however, it must be "proportional to the needs of the case." *Id.* In determining the needs of the case, the court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

Under Fed. R. Civ. P. 45, any party may serve a subpoena commanding a nonparty "to attend and give testimony or to produce and permit inspection and copying of" documents. Fed. R. Civ. P. 45(a)(1)(C). Under the general relevance requirements set forth in Rule 26(b), the subpoena may command the production of documents that are "nonprivileged" and are "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Upon a timely motion, the court issuing such a subpoena shall quash it if it determines the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).

In general, a party has no standing to move to quash a subpoena served upon a third party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena. *Wells Fargo & Co. v. ABD Ins.*, 2012 WL 6115612, at *2 (N.D. Cal. 2012); *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-979-JGB (SPx) | Date | October 27, 2016 |
|---|---|---|---|
| Title | Dale Evans Parkway 2012, LLC v. National Fire and Marine Insurance Company, et al. | | |

965, 973-74 (C.D. Cal. 2010). A party lacks standing to quash a subpoena on grounds that it is overbroad or unduly burdensome on a third party. *See Rankine v. Roller Bearing Co. Of Am.*, 2013 WL 3992963, at *4 (S.D. Cal. Aug. 5, 2013) (stating defendant's only basis for quashing the subpoena served on a nonparty is if it seeks privileged and/or confidential information). "However, a party may seek a protective order pursuant to Rule 26(c) regarding a subpoena issued to a non-party if it believes its own interest is jeopardized by the discovery sought from the non-party." *Wells Fargo*, 2012 WL 6115612, at *2.

"On a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45(c)(3), but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Chevron Corp. v. Donziger*, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (internal citation omitted); *see also Compaq. Computer Corp. v. Packard Bell Elecs.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ("[I]f the sought after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed . . . would be by definition undue.").

## Discussion

Plaintiff Dale Evans argues the court should quash the subpoena because defendant seeks documents that invade upon plaintiff's privacy rights. Mtn. Quash at 5-6. Plaintiff specifically moves to quash the subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii) because compliance with the subpoena would purportedly require disclosure of privileged or other protected matter such as confidential financial and asset information.

Plaintiff further contends the "subpoena is overbroad on its face" and is not reasonably calculated to lead to the discovery of admissible evidence. Mtn. Quash at 5; Reply at 3. Plaintiff argues only documents concerning the Bank's transaction with CIG in August 2013 are relevant and discoverable. Mtn. Quash at 5; Reply at 5.

Defendant argues the subpoena seeks documents relevant to plaintiff's contention that it could not activate or maintain the existing burglar alarm system before the April 2014 incident. Opp. at 4-6. Specifically, defendant notes plaintiff has claimed it was "impossible" for it to maintain the alarm system, and thus comply with the Protective Safeguards endorsement in the insurance policy, because it lacked the funds to make the necessary repairs to the Property's electrical system. *Id.* Defendant contends all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-979-JGB (SPx) | Date | October 27, 2016 |
|---|---|---|---|
| Title | Dale Evans Parkway 2012, LLC v. National Fire and Marine Insurance Company, et al. | | |

information provided to the Bank pertaining to the Property, including insurance coverage, is discoverable. *Id.* at 6. Defendant further argues the Bank's communications and information received from plaintiff, co-defendant the Mahoney Group, and nonparties Joseph Michael and the Michael Development Corporation are relevant to understanding plaintiff's claim of insurance policy coverage despite its failure to comply with the insurance condition. *Id.*

Moreover, defendant asserts that, while plaintiff has a qualified right of financial privacy under the California Constitution, the right is outweighed by the competing interests of the subpoenaing party's right to discovery. *Id.* at 6-9. Lastly, defendant argues plaintiff's motion is now moot in light of the Bank's September 29, 2016 production of a CD containing documents it deemed responsive to the subpoena. *Id.* at 9-10. Defendant also notes it is amenable to entering into a protective order if plaintiff desires. *Id.* at 9.

The court first considers whether National Fire's subpoena requests discoverable information. The court finds it does because it seeks documents related to an argument plaintiff has put at issue: plaintiff's inability, through financial incapacity, to perform repairs on the Property's electrical system and thus to power the alarm system. The subpoenaed documents concern: loan agreements regarding the Property or with plaintiff; associated loan payments; other documents relating to the Property or concerning insurance for the Property; and communications concerning the Property. Any information provided to the Bank concerning the Property is relevant, as is financial information that may help verify whether plaintiff was capable of repairing, activating, and maintaining the burglary alarm system located at the Property before the April 2014 theft incident. *See Garcia v. Progressive Choice Ins. Co.*, 2011 WL 3739490, at *4 (S.D. Cal. Aug. 24, 2011) ("[E]vidence of Mr. Garcia's misrepresentation of the status of his financial health would be relevant in determining [defendant's] right under the insurance contract to deny the claim."). Defendant correctly notes plaintiff put its financial capacity and relationship with the Bank at issue by raising the argument that it was unable to repair the alarm system and comply with National Fire's insurance policy because it was impossible "in part due to the fact that the insurance proceeds from CIG went to pay down the loan." Opp. at 4-5 (quoting Mtn. Quash at 4). Therefore, the court finds the subpoenaed Bank information is relevant to plaintiff's claims and National Fire's defense. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (court has broad discretion to determine relevancy for discovery purposes).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-979-JGB (SPx) | Date | October 27, 2016 |
|---|---|---|---|
| Title | Dale Evans Parkway 2012, LLC v. National Fire and Marine Insurance Company, et al. | | |

Next, the court considers whether plaintiff meets its burden of persuasion to quash defendant's subpoena. *See Fed. Deposit Ins. Corp. v. Berling*, 2015 WL 4198645, at *2 (N.D. Cal. July 10, 2015). At issue is whether the subpoenaed Bank documents are privileged or protected matter pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii), as plaintiff contends. Federal Rule of Evidence 501 provides the relevant framework for determining whether the information sought in discovery is privileged. *See R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.*, 2014 WL 2804276, at *3 (D. Ariz. June 20, 2014). This case was removed to this court based on diversity jurisdiction, and "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Since state law claims are at issue in the instant dispute, California state law dictates how privilege in this case is recognized. *See R. Prasad*, 2014 WL 280 4276, at *3.

The right to privacy is set forth in the California Constitution. Cal. Const. art. I, § 1. Confidential financial information given to a bank by its customers is protected under this constitutional right. *Valley Bank of Nev. v. Superior Court*, 15 Cal. 3d 652, 656, 125 Cal. Rptr. 553, 542 P. 2d 977 (1975). But private or confidential information is not absolutely protected from discovery. *See Moskowitz v. Superior Court*, 137 Cal. App. 3d 313, 316, 187 Cal. Rptr. 4 (1982) (citations omitted). Indeed, the court recognizes that parties have interest in "uncovering the truth in legal proceedings by allowing broad discovery." *Albizo v. Wachovia Mortg.*, 2013 WL 1087815, at *3 (E.D. Cal. Mar. 14, 2013) (citing *Moskowitz*, 137 Cal. App. 3d at 316, 187 Cal. Rptr. 4). Under California law, a court may allow discovery of private financial bank records only after conducting a balancing test between the right of litigants to discover relevant facts and the right of bank customers to maintain reasonable privacy. *See Fortunato v. Superior Court*, 114 Cal. App. 4th 475, 480-81, 8 Cal. Rptr. 3d 82 (2003). Application of this balancing test should consider factors including:

> the purpose of the information sought, the effect that disclosure will have on the parties and on the trial, the nature of the objections urged by the party resisting disclosure, and the ability of the court to make an alternative order which may grant partial disclosure, disclosure in another form, or disclosure only in the event that the party seeking the information undertakes certain specified burdens which appear just under the circumstances.

*Id.* (quoting *Valley Bank*, 15 Cal. 3d at 658).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-979-JGB (SPx) | Date | October 27, 2016 |
|---|---|---|---|
| Title | Dale Evans Parkway 2012, LLC v. National Fire and Marine Insurance Company, et al. | | |

Plaintiff and defendant agree a party's financial information may be protected from disclosure through discovery under the California Constitution's right to privacy. Mtn. Quash at 5; Opp. at 6. Thus, the court must apply the balancing test between the interests of defendant to discover relevant facts against the interests of plaintiff to maintain privacy in its financial bank records.

First, the purpose of the documents and information sought by the subpoena is to address plaintiff's contention – that it was "impossible" to comply with defendant's insurance policy because it could not repair the Property's electrical system (Mtn. Quash at 4) – by reviewing whether plaintiff had the financial capacity to make the relevant repairs to the Property. The documents may also reveal what communications regarding insurance requirements for the Property were made between the Bank and plaintiff, including nonparties associated with plaintiff. Defendant argues plaintiff controlled the disposition of CIG funds by the Bank (Opp. at 3 n.4), while plaintiff appears to contend it was the Bank's sole decision to use CIG funds to pay down the principal of the mortgage on the Property. *See* Mtn. Quash at 4 ("[The Bank] did not believe repairing the electrical system at the time was prudent given the vacancy of the Property and frequency of the vandalism."). The documents sought pertain to all these issues.

Plaintiff asserts the subpoena is overbroad; however, plaintiff lacks standing to move to quash the subpoena as overbroad, as only the nonparty served with the subpoena may object on the ground that it is overbroad. *See Rankine*, 2013 WL 3992963, at *4. To the extent plaintiff is arguing the subpoena is overbroad in the context of the privacy balancing test, it may be considered. But the court finds plaintiff has failed to show the document requests are so broadly drafted as to call for irrelevant information. As discussed above, documents beyond those pertaining to the Bank's August 2013 transaction with CIG are relevant. The Bank is not being asked to produce all documents about plaintiff's finances, but just documents in the Bank's possession, and focused primarily on the Property. There is no indication defendant is seeking plaintiff's private financial information for purposes beyond the instant dispute.

Next, the effect of disclosure on Dale Evans is minimal because it will at most reveal only pertinent financial information involving loan agreements or associated payments and financing relating to the Property or to plaintiff, not the entirety of plaintiff's financial standing. Moreover, defendant is an insurance company, not plaintiff's competitor. In contrast, the effect of disclosure on defendant is to allow

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-979-JGB (SPx) | | Date | October 27, 2016 |
|---|---|---|---|---|
| Title | Dale Evans Parkway 2012, LLC v. National Fire and Marine Insurance Company, et al. | | | |

defendant to address plaintiff's claims in this suit. Plaintiff's loan agreements, loan payments, or other communications with the Bank may suggest it had access to other financial support that would render it capable of making the necessary alarm system repairs prior to April 2014. *See Everflow Tech. Corp. v. Millennium Elecs., Inc.*, 2009 WL 3565558, at *2 (N.D. Cal. Oct. 27, 2009). In addition, as a party to this action and indeed the party that filed this action, plaintiff lacks a substantial expectation of privacy as to these documents. *See Koch v. Greenberg*, 2009 WL 2143634, at *8 (S.D.N.Y. July 14, 2009).

      Third, defendant argues plaintiff's objections are insufficient, as they only make generalized or vague claims of privacy intrusions without reference to any specific harms. The court agrees. Plaintiff makes only general arguments that the subpoenaed documents call for "personal financial records broadly" and regard plaintiff's "financial and asset information." Mtn. Quash at 2; *see id.* at 5-6. Plaintiff fails to explain how it would be specifically harmed by disclosure of the Bank documents.

      Lastly, the court is able to make an alternative order because National Fire has indicated it is amenable to a protective order limiting use of any discoverable Bank records. Opp. at 9. Based on the analysis of these factors, the court concludes plaintiff's right to privacy of its bank records is outweighed by the needs of defendant to discover relevant facts. *See Fortunato*, 114 Cal. App. 4th at 481; *see also EDU-Sci. (USA) Inc. v. IntuBrite, LLC*, 2015 WL 3796111, at *4-5 (S.D. Cal. June 17, 2015) (overruling plaintiff's privacy objections where financial documents sought were relevant to counterclaims).

      As the court finds the subpoena seeks relevant documents and plaintiff has failed to show its privacy interest in the Bank's records outweighs defendant's need for the documents, the court need not consider defendant's argument that the Motion is moot. The court denies the Motion to Quash on its merits.

      Plaintiff did not separately seek a protective order governing the treatment of information deemed confidential; however, such a protective order may be appropriate. "Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "For good cause to exist, the party seeking protection

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-979-JGB (SPx) | | Date | October 27, 2016 |
|---|---|---|---|---|
| Title | Dale Evans Parkway 2012, LLC v. National Fire and Marine Insurance Company, et al. | | | |

bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Id.* at 1210-11. District courts have broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including confidential commercial information. *Id.* at 1211 (citing Fed. R. Civ. P. 26(c)). The parties may stipulate to and submit a proposed order for the signature of the Magistrate Judge. For an example, the parties are directed to the Sample Stipulated Protective Order that is attached to the Magistrate Judge's Procedures and Schedules on the court's website.

## Order

    IT IS THEREFORE ORDERED that plaintiff's Motion to Quash (docket no. 93) is hereby DENIED.